### STATE *v.* WILLIAM E. NORWOOD.

Where, upon the trial of an indictment for larceny, the court charged
    the jury: "To decide the case by the evidence alone; that on account
    of the color of the defendant. (who was a white man,) they should re-
    quire no other or stronger proof to convict him, than they would if the
    prosecutor (who was a colored man) were on trial and the defendant
    were his prosecutor.    That the proposition, "that before the jury can
    convict on circumstantial evidence, they must be as well satisfied of
    the guilt of the accused, as if one credible eye witness had testified
    to the fact," was not a rule of law, but only an illustration—all that
    was intended by the comparison, was to inform the jury that they
    must be fully satisfied, beyond a reasonable doubt, of the guilt of the
    accused.    When a single eye witness swears to the fact of guilt, if
    the jury believe him, there is an end of the matter; while in many
    cases of circumstantial evidence, the mental operations are much more
    complex, and then the comparison might mislead instead of assisting
    the jury.    In either case the jury must be fully satisfied.    The ex-
    pression, "testimony of an eye witness," is no more a fixed phrase in
    the law, than "reasonable doubt."    And after the case had been sub-
    mitted to the jury and they were about leaving the box, the court
    further charged: Gentlemen, you will find whether the defendant is
    guilty on the first or second count—that is, whether he is guilty of
    larceny, or of receiving the stolen goods, knowing them to be stolen,
    if you find him guilty at all:" *It was held,* that there was no error in
    the matter of the charge, nor in the manner of submitting it to the
    jury.

INDICTMENT for larceny and receiving goods knowing them
to be stolen, tried before his Honor Judge *Moore,* and a jury,

at July (Special) Term, 1875, of the Superior Court of GRAN
VILLE county.

The defendant, a white man, was indicted for stealing to-
bacco, the property of a colored man. In his argument to
the jury the solicitor alluded to this fact and urged them to
guard against the prejudice of race.

His Honor in his charge urged the jury " to decide the case
by the evidence alone ; that on account of the color of the
defendant they should require no other or stronger proof to
convict him than they would if the prosecutor were on trial
and the defendant were his prosecutor."

To the charge of his Honor the defendant excepted.

The defendant's counsel upon the argument stated as a rule
of law, " before the jury can convict on circumstantial evidence,
they must be as well satisfied of the guilt of the accused as if
one credible eye witness had testified to the fact," and re-
quested his Honor so to charge.

His Honor declined to give the special instruction prayed
for, and charged the jury, " Such was not a rule of law, but
only an illustration—all that was intended by the comparison
was to inform the jury that they must be fully satisfied
beyond a reasonable doubt of the guilt of the accused. When
a single eye witness swears to the fact of guilt, if the jury
believe him, that is an end of the matter, while in many cases
of circumstantial evidence the mental operations are much
more complex, and then the comparison might mislead instead
of assisting the jury. In either case the jury must be fully
satisfied. The expression, ' testimony of an eye witness ' is
no more a fixed phrase in the law than " reasonable doubt."

The defendant again excepted.

After the case was submitted to the jury and when they
were about leaving the box, his Honor said to them, " Gentle-
men, you will find whether the defendant is guilty on the first or
second count—that is, whether he is guilty of larceny or of

receiving the stolen goods, knowing them to be stolen, if you find him guilty at all."

The jury returned a verdict of guilty of receiving the goods knowing them to have been stolen. The defendant thereupon moved the court for a *venire de novo*. The motion was over-ruled and the defendant appealed.

*Young*, for the defendant.
*Attorney General Hargrove*, for the State.

PEARSON, C. J. We have given to the elaborate argument of the counsel for the defendant full consideration, and do not, by the aid of it, see in the charge, or in the manner of submitting the case to the jury, any error of which the defendant has a right to complain.

The propriety of the allusion by the Solicitor to the fact, that the prosecutor was a' colored man and the defendant a white man, depends on the incidents and surroundings of the trial, which are not set out in the statement of the case. But the defendant has no ground on which to complain of the charge, for his Honor holds the scales of justice even.

Indeed, it may be thought that his Honor leaned to the side of the defendant in order to meet a prejudice against a white man who would steal from a negro. Although the crime of stealing admits of no degrees of comparison as "mean, meaner, meanest," it may be that by reason of prejudice, in the county of Granville, a white man who steals from a negro is *mean* in an extra superlative degree. But of this, we are are not informed by the record.

No error. Certified.

PER CURIAM.                    Judgment affirmed.