STATE v. TOM CARSON et al.

*Circumstantial Evidence—Instructions to Jury.*

1. Where the evidence against the defendants in the trial of an indictment was circumstantial, it was not error in the Judge to refuse an instruction, as a rule of law, that the strength of circumstantial evidence must be equal to the strength of the testimony of one credible eye-witness.

2. Where the evidence in the trial of a criminal action is circumstantial, each fact proving a necessary link in the chain must point to the guilt of the accused, and must be as clearly and distinctly proven as if the whole case depended on it, the strength of the chain being determined by the strength of the weakest link.

Indictment for larceny, tried at Spring Term, 1894, of YADKIN Superior Court, before *Battle, J.*, and a jury. The evidence on which the State relied was entirely circumstantial. Counsel for the defendant, in addressing the jury, said it had been laid down as a *rule* governing circumstantial evidence that the proof must be as convincing as if one credible eye-witness had testified to the facts. His Honor, in charging the jury, said there was no such formula as counsel referred to, to be laid down as a rule of law; but that the jury should be satisfied fully, and beyond a reasonable doubt, of the guilt of the accused, and each one of them, and that due regard must be had to the presumption of innocence, and further, that in case of circumstantial evidence each fact proving a necessary link in the chain must point to the guilt of the accused, and must be as clearly

STATE *v.* VARNER. .

and distinctly proven as if the whole case depended on it, the strength of the chain being determined by the strength of the weakest link.

There was a verdict of guilty, and the defendant appealed from the judgment thereon.

*The Attorney General,* for the State.
No counsel, *contra.*

SHEPHERD, C. J.: The evidence in this case was circumstantial, and the defendants except to the instructions of his Honor on the ground that he failed "to lay down to the jury, as a rule of law, that the strength of circumstantial evidence must be equal to the strength of the testimony of one credible eye-witness." This very point was raised in *State* v. *Norwood,* 74 N. C., 247, and overruled by the Court. This ruling is referred to and approved in *State* v. *Gee,* 92 N. C., 756, and cannot be regarded as an open question in this State. His Honor's charge as to the intensity of proof, is well sustained by the foregoing authorities.

Affirmed.