R. R. HOLMES et al v. E. G. DAVIS.

(Decided May 24, 1898.)

*Action on Note—Jurisdiction—Special Proceedings— Final Decree—Abatement.*

A final order was made in an *ex parte* proceeding for the sale of land for division confirming the sale and directing the commissioner to collect the purchase money and make a deed to the purchaser and distribute the proceeds among those entitled to it, and the money was so collected and paid to the parties excepting to plaintiff's wife. No deed was executed to the purchaser. About 20 years thereafter defendant executed his note to the plaintiff for his wife's share, expressly reciting that, upon payment of the note, the commissioner should execute a deed. *Held,* that the original proceeding was ended, and it was error to dismiss an action on the note upon the ground that plaintiff's remedy was by motion in such original proceeding. (*Council* v. *Rivers,* 65 N. C., 54, distinguished.)

CIVIL ACTION by the plaintiff, as husband, and others, as next of kin, of Amanda Holmes, deceased, to recover the amount of a note executed by the defendant, and to have the amount of the recovery declared a lien upon land, heard before *Adams, J.,* at November Term, 1897, of GRANVILLE Superior Court. The facts appear in the opinion. From an order dismissing the action the plaintiffs appealed .

HOLMES *v.* DAVIS.

*Messrs. Edwards & Royster* and *J. B. Batchelor* for plaintiffs (appellants).

*Mr. J. W. Graham* for defendant.

FAIRCLOTH, C. J.: The plaintiff and others had an *ex parte* proceeding to sell land for division and in the due course of that action, land was sold and purchased by the defendant, who gave his note for the purchase price. The sale was confirmed in 1875, and the commissioner was ordered to make a proper deed to defendant as soon as the purchase money was paid, and to pay the money out to the parties entitled. All the other petitioners were paid off, and several years after the decree of confirmation was recorded and order for title and distribution, the defendant, in 1893, executed his note to plaintiff for the share of his wife, which had not been paid, promising to pay the balance of the purchase money belonging to the plaintiff's wife, expressly reciting "when this note is paid in full said commissioner shall execute a deed" for the land, and this action is on that note. Defendant contends that plaintiff's remedy is by motion in the *ex parte* petition above referred to, and moved to dismiss this action. His Honor allowed the motion and plaintiff appealed. This is the only question.

The defendant relies upon the principle announced in *Council* v. *Rivers*, 65 N. C , 54, and numerous similar decisions since. There can be no doubt about the power of the Court to enforce the sale contract by orders in the cause. That means the contract made with the Court through its commissioner and the parties are not allowed to harass each other with new actions. In the present case the facts found by his Honor are that a final judgment had been rendered in the original action,

an order to make title as soon as the money was paid that the commissioner collected and paid to the parties all that was due them, except his wife's share, and after nearly twenty years plaintiff and defendant entered into a new contract as to the unpaid share. No one, therefore, had any further interest in the original proceeding except plaintiff and defendant. They were *sui juris* and the new note was executed to suit their own convenience, as we assume, reciting such particulars as were agreed upon. This we think differs the case from that of *Council* v. *Rivers, supra*. This view was taken in *Thompson* v. *Shamwell*, 89 N. C., 283, and *Causey* v. *Snow*, 120 N. C., 279, where the original cause was ended and the cases are referred to. They are also found in Clark's Code, pages 645, 650. His Honor's conclusion in the case was upon the ground that the remedy was in the original petition, which we think was an erroneous conclusion.

Reversed.