## TERRY v. ROBBINS.

### (Filed April 16, 1901.)

1. CONTRACT — *Married Women — Common Law—Presumptions— Mortgages.*

   In the absence of proof to the contrary, the contract of a married woman made in New Jersey will be presumed to be void, as at common law.

2. NOVATION—*Contract—Payment—Intent—Questions for Jury— Mortgages.*

   Whether a bond given in payment of an installment upon a mortgage is a novation, is a question for the jury.

ACTION by Harvey Terry against T. H. Robbins and Adelia S. Robbins his wife, and Lillian F. Naylor, heard by Judge *A. L. Coble* and a jury, at March Term, 1900, of PASQUOTANK County Superior Court. From a judgment for the defendants, the plaintiff appealed.

*Shepherd & Shepherd,* and *Pruden & Pruden,* for the plaintiff.

*Busbee & Busbee,* for the defendants.

MONTGOMERY, J.   This action was for the foreclosure of a mortgage upon real estate executed by defendants Thomas H. Robbins and his wife to the plaintiff on the 15th of January, 1896, the plaintiff alleging that the first two payments of $2,000 each were past due and unpaid, and that according to the terms of the mortgage the whole debt was due.

The defendant averred in his answer, and introduced evidence on the trial to that effect, that the first note of $2,000 had been paid, and that it was provided in the mortgage that upon the payment of that installment the plaintiff should execute to the defendant Robbins a release of a certain part of the land described in the mortgage, and that the plaintiff had refused to release the land and that therefore the defendant had committed no breach of his contract in the non-payment of the second installment.

The alleged payment of the first $2,000 installment was by the bond of the defendant Robbins, and his wife, the other defendant (she not having been a party to the original obligation), substituted for the first installment of $2,000 in full discharge and extinguishment thereof—the bond being delivered to the plaintiff and received by him in full satisfaction of the said installment.   The bond was executed in New Jersey and was made payable in Keyport in the same State.

His Honor was requested by the plaintiff to instruct the jury that if they believed the evidence in the case they should answer the sixth issue "has the defendant Robbins made default upon the mortgage set out in the complaint?" "Yes."   The instruction was refused and the plaintiff excepted and appealed.

We think his Honor committed no error in refusing to give

the instruction. As was contended by the plaintiff, that the addition of the wife's name to the new bond gave it no additional weight or worth, because it was void, so far as she was concerned. There was no evidence going to show that the common law had been changed or repealed in the State of New Jersey, as to the power of married women to make contracts, and the presumption therefore is that the common law prevailed in New Jersey at the time of the execution of the bond, and by the common law all such contracts by a *feme covert* were void. *Gooch v. Faucett,* 122 N. C., 268; *Griffin v. Carter,* 40 N. C., 413.

But the bond of Robbins was valid and binding on him, and whether or not there was a novation by the substitution of the bond for the installment under the mortgage was a question for the jury under proper instructions from the Court. A prior existing debt can be extinguished by the acceptance of a promissory note or bond, if it is so intended by the parties, the only question being as to the proof of such intention. Generally, unless it is otherwise specially agreed, if the holder of a promissory note takes a new note for the original debt, that is *prima facie* a conditional payment only, that is, the original debt will be extinguished upon the payment of the substituted note. But Judge Story in his work on Promissory Notes, section 404, says: "Promissory notes either of the maker himself or of a third person, are often received by the holder or the creditor in payment of the original note or debt due by the maker. And the question often arises when and under what circumstances the receipt of a substituted note will be deemed a due and absolute extinguishment or satisfaction of the original debt or note, or not. In general, by our law, the receipt of a promissory note of the maker or of a third person will be deemed a conditional satisfaction or extinguishment only of the original debt or note of the maker (that is, if the substituted note is regularly

paid), unless otherwise agreed between the parties. But if it is agreed between the parties, as it well may be, that the substituted note shall be an absolute payment of the original debt or note, then it will operate as an absolute satisfaction and extinguishment thereof. *Sherly v. Mandeville,* 6 Cranch 253, 264; 1 Jones on Mortgages, sec. 926.

There were other exceptions made to the charge of his Honor, but they related to the question we have just discussed and need no further consideration. The defendants' objections to the evidence were properly overruled. The motion for a new trial because of evidence discovered since the trial of the case is refused.

No error.