## S. F. DRY v. CHARLOTTE COCA-COLA BOTTLING COMPANY.

(Filed 22 February, 1933.)

**1. Appeal and Error J d—**

Where the charge of the court is not in the record it is presumed that it correctly instructed the jury upon all phases of the evidence.

**2. Food A a—Rule of liability for deleterious substances in bottled drink.**

In this action to recover damages alleged to have been caused by foreign and deleterious substances in a bottled drink it *is held* that the facts bring the case within the rule of liability declared in *Perry v. Bottling Co.*, 196 N. C., 175, and *Broom v. Bottling Co.*, 200 N. C., 55.

CIVIL ACTION, before *Finley, J.,* at March Term, 1932, of MECKLEN-BURG.

On 9 October, 1930, the plaintiff purchased a bottle of coca-cola from A. Alexander. The narrative of the facts is substantially as follows: "I took a couple of swallows of it and noticed it had a peculiar taste, and I looked at it and saw there was something in it. I spoke to Mr. Alexander and said: 'Something is wrong with this coca-cola, something is in it.' . . . We walked to the front and held it to the light and there was a fly in it. The fly seemed to be in a mashed condition and there was something white oozing from its body. . . This top was on it when I bought it. Immediately after I drank the coca-cola I turned deathly sick and vomited. Mr. Alexander opened the bottle I bought from him. I think he got it out of the ice box. I did not notice what he did with the cap when he pulled it off. He pulled it off on the side of the counter and just let it fall down, and then I took a couple of swallows."

The merchant, Alexander, testified that he bought the coca-cola from the defendant. Another witness testified that on or about 17 February, 1931, he purchased coca-cola bottled by the defendant for his wife and that it contained some substance which burned her throat. Another witness testified that "last spring" he purchased coca-cola bottled by the defendant and found a spotted fly in the beverage. Another witness testified that in 1929 he sold the plaintiff a coca-cola bottled by the defendant which had a fly in it. Another witness testified that in February, 1929, he purchased a coca-cola bottled by the defendant that had paint in it.

The jury answered the issues in favor of the plaintiff and awarded damages in the sum of $125.00. From judgment upon the verdict the defendant appealed.

IN RE WILL OF NICHOLSON.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

PER CURIAM. The charge of the court is not in the record, and it is therefore presumed that the trial judge correctly instructed the jury upon all phases of the evidence. The facts bring the case within the rules of liability heretofore declared in *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14, and *Broom v. Bottling Co.,* 200 N. C., 55, 156 S. E., 152.

Affirmed.