This is a controversy without action. N.C. Code, 1935 (Michie), sec. 626. The agreed statement of facts is as follows:
"1. That on 7 September, 1935, the plaintiffs were the owners and in possession of the following described tract of land in said county, to wit: (describing same by metes and bounds).
"2. That as such owners the plaintiffs sold and conveyed, by proper deed, all said lands to one George B. Pettit, which said deed is duly recorded in the office of the register of deeds for Henderson County; that upon delivery of said deed said George B. Pettit paid part of the purchase price in cash, and simultaneously with the execution and delivery of said deed, and to secure the balance of the purchase price, executed a deed of trust to McD. Ray, trustee, for the plaintiff F. L. Case, conveying said property to said trustee, for the purpose of securing the said balance of the purchase price; that said deed of trust was in all respects regular and constituted a first and valid lien, and was a purchase money deed of trust against said property, said deed of trust being recorded in *Page 784 
the office of the register of deeds for Henderson County, in Book ______, page _____, of the Records of Mortgages and Deeds of Trust.
"3. That at the time of the execution and delivery of said deed of trust the purchaser, George B. Pettit, was married and living with his wife; that the said wife still lives and is residing with her said husband, but was not a party to said purchase money deed of trust.
"4. That on 7 September, 1926, after said purchase money deed of trust was recorded, and while the same was in full force and effect, and before any payment had been made thereon, the said George B. Pettit requested of the plaintiff, F. L. Case, the then owner and holder of the notes securing said purchase money and deed of trust, to grant an extension of the payments maturing under the terms of said purchase money deed of trust, and to divide the total sum so that it would mature on dates other than the maturity dates mentioned in the purchase money deed of trust; whereupon, the plaintiff F. L. Case caused to be properly canceled the said purchase money deed of trust, and simultaneously therewith the said George B. Pettit executed and delivered to the said F. L. Case one note in the sum of $3,500, due 7 September, 1927, and to secure the payment thereof, executed and delivered at said time a deed of trust to M. M. Redden, trustee, for F. L. Case, which, in all respects, is regular and is duly recorded in Book 99, page 168, of the Henderson County Mortgage Records, and conveys the property aforementioned, for the purpose of securing said debt; that it is recited in said deed of trust, `This deed of trust is given to secure a part of the purchase price on the above described land, and is a first mortgage on same.' That said note and deed of trust represented a part of the money owing for the purchase of said land as secured by the original deed of trust first above mentioned, and was a continuation of said debt.
"5. That the balance of the purchase money, as represented by the original deed of trust first above mentioned, was evidenced by the execution and delivery on the part of George B. Pettit, of one note, in the sum of $570.00, and one note, in the sum of $4,000, maturing 20 February, 1927, and 7 September, 1927, respectively, which were executed and delivered simultaneously with the cancellation of the first deed of trust aforementioned and said notes were secured by the execution and delivery on the part of George B. Pettit to M. M. Redden, trustee, for F. L. Case, a deed of trust, in proper form, conveying the property aforementioned, for the purpose of securing said debt as evidenced by said notes, and there is written in said deed of trust the following: `This deed of trust is given to secure a part of the purchase price and is a second lien on same.' Said deed of trust is duly recorded in Book 99, page 167, of the Henderson County Mortgage Records; that said notes and deed of trust represent that part of the original purchase money deed of trust *Page 785 
not secured by the deed of trust described in paragraph 4 above. That both said last deeds of trust were executed and delivered to M. M. Redden, trustee, for F. L. Case, to secure the obligation as evidenced by the original purchase money deed of trust, and was a continuation of the debt evidencing the purchase price of said land; that the wife of George B. Pettit did not join in either of said deeds of trust.
"6. That the trustee, in accordance with the terms of sale provided in the last two deeds of trust aforementioned, on account of default in the payment thereof, advertised said lands and exposed the same to public sale, in strict compliance with the provisions of said deeds of trust; that plaintiff F. L. Case became the purchaser of said lands, and the trustee executed and delivered to said F. L. Case a deed conveying said lands to said F. L. Case, who is now the owner of an indefeasible, fee simple, unencumbered title to said lands, unless the wife of George B. Pettit, because of her failure to sign said deeds of trust, has an inchoate right of dower therein.
"7. That the plaintiffs and defendant entered into a contract, in writing, by the terms of which the plaintiffs agreed to sell, and the defendant agreed to purchase, said property, for an agreed consideration, provided the plaintiffs could deliver a good title to said property; that said plaintiffs being husband and wife at all times herein mentioned, have executed a deed in proper form, by the terms of which the property aforementioned is conveyed to the defendant, and the defendant is able, ready, and willing to comply with the terms of his agreement and pay the purchase price and accept deed therefor, but contends that, on account of the matters and things herein set forth the wife of George B. Pettit is the owner of an inchoate right of dower in said land, and for that reason has declined to accept said deed and pay said purchase price.
"8. That the defendant contends that when the plaintiffs caused to be canceled the original purchase money deed of trust first above mentioned, the wife of George B. Pettit immediately became vested with a dower interest in said property, and that the execution and delivery of the last two deeds of trust above mentioned did not defeat said interest.
"9. The plaintiffs contend that since the purchase money deed of trust first above mentioned was in all respects regular and proper, and the debt secured thereby was the balance of the purchase price, that the execution and delivery of the last two deeds of trust constituted simply a continuation of the debt and did not vest the wife of George B. Pettit with any interest in said property until the debt was paid, which has not been done, and that the deed offered by the plaintiffs to the defendant conveys said land in fee simple, free from any claim of dower on the part of the wife of George B. Pettit. *Page 786 
"10. That plaintiffs have been at all times since the sale of said lands to George B. Pettit, and are now, in possession thereof; that said sale was consummated in the `boom days' of Western North Carolina real estate; that the wife of George B. Pettit has never claimed any interest in said property, and her whereabouts at present are unknown.
"Wherefore, the parties hereto respectfully pray the court:
"That the differences between them be adjudged and determined to the end that their rights may be declared. This 6 March, 1936.
 REDDEN REDDEN, Attys. for Plaintiffs.
 L. B. PRINCE, Atty. for Defendant."
The judgment of the court below is as follows: "The above entitled cause coming on to be heard before his Honor, J. Will Pless, Jr., judge presiding, at the aforesaid term of court, and being heard, and after consideration of the facts agreed upon, and after hearing the argument of counsel of plaintiffs and defendant, the court being of the opinion that upon the facts in this case the execution of the deeds of trust in question was a continuation of the original purchase money deed of trust securing the purchase price, and that to hold otherwise would render the property unsalable by the owner, resulting in injustice to him, thereupon holds that the wife of George B. Pettit has no dower interest or other claim in or to the property described in paragraph 1 of this controversy, and that the deed tendered by plaintiffs to the defendant is sufficient to convey an absolute title: It is therefore, on motion of Redden Redden, attorneys for plaintiffs, ordered, adjudged, and decreed that the plaintiffs are declared the owners in fee simple of the lands described in this controversy, free from any claim of dower or otherwise on the part of the wife of George B. Pettit in said lands, and the defendant is ordered and directed to pay the purchase price agreed upon to the plaintiffs upon further tender of a deed to said property, as set forth in said controversy. It is further ordered that defendant pay the cost of this action as taxed by the clerk. This 6 March, 1936. J. Will Pless, Jr., Judge presiding."
The only exception and assignment of error is to the judgment as signed.
The question involved in this controversy: When a purchase money deed of trust, in proper form, has been canceled at the *Page 787 
request of the maker and a substituted deed of trust given therefor between the same original parties and to secure the same debt so as to more conveniently suit the ability of the maker to pay the debt, does the substituted deed of trust lose its status as a purchase money lien, thereby vesting the maker's wife with an inchoate right of dower in the property? We think not, under the facts and circumstances of this case.
N.C. Code, 1935 (Michie), sec. 1003, is as follows: "The purchaser of real estate who does not pay the whole of the purchase money at the time when he takes a deed for title may make a mortgage or deed of trust for securing the payment of such purchase money, or such part thereof as may remain unpaid, which shall be good and effectual against his wife as well as himself, without requiring her to join in the execution of such mortgage or deed of trust."
Section 4101 is as follows: "No alienation of the husband alone, with or without covenant of warranty, shall have any other or further effect than to pass his interest in such estate, subject to the dower right of his wife: Provided, that a mortgage or trust deed by the husband to secure the purchase money, or any part thereof, of land bought by him, shall, without the wife executing the deed, be effectual to pass the whole interest according to the provisions of the said deed."
From the agreed statement of facts, the court below in the judgment found "That upon the facts in this case the execution of the deed of trust in question was a continuation of the original purchase money deed of trust securing the purchase price."
In Grace v. Strickland, 188 N.C. 369 (372), speaking to the subject, it is said: "In 8 C. J., p. 443, sec. 656, it is said: `Where a note is given merely in renewal of another note, and not in payment, the renewal does not extinguish the original debt nor in any way change the debt, except by postponing the time of payment.' Bank v. Bridgers, 98 N.C. 67. If the second note be given and accepted in payment of the debt, and not in renewal of the obligation, a different principle will apply. Wilkes v.Miller, 156 N.C. 428; Collins v. Davis, 132 N.C. 106; Smith v. Bynum,92 N.C. 108." Kidder v. McIlhenny, 81 N.C. 123 (133); Terry v. Robbins,128 N.C. 140; Dawson v. Thigpen, 137 N.C. 462 (470-1); Bank v. Howard,188 N.C. 543 (547). The case of Chemical Co. v. Walston, 187 N.C. 817
(825), cited by defendant, we do not think is contrary to the position here taken.
We think from the facts and circumstances of this case the wife of George B. Pettit has no dower rights in the lands in controversy.
For the reasons given, the judgment of the court below is
Affirmed. *Page 788