## STATE v. ARTHUR WILSON.

(Filed 27 November, 1940.)

1. **Criminal Law § 54c—Where verdict is not responsive to indictment it is the duty of the court to require jury to redeliberate.**

> Defendant was charged in the first count with rape and in the second count with having carnal knowledge of a female child over twelve and under sixteen years of age. The solicitor announced he would not ask

for a conviction of the capital offense of rape and the court correctly charged the jury as to the verdicts permissible upon the first count, and that upon the second count they might find defendant guilty or not guilty. The jury returned a verdict of not guilty upon the first count and guilty of assault upon a female upon the second count. The court thereupon instructed the jury again as to the verdicts it might render upon the respective counts, and upon the coming in of the jury the second time, it returned a verdict of guilty of an assault upon a female upon the first count and guilty upon the second count. *Held:* Even conceding that the first verdict of not guilty upon the first count precluded the jury from again considering that charge and rendered ineffective the second verdict of guilty of an assault upon a female, its first verdict upon the second count was not responsive to the indictment and was not a verdict permitted by law, and therefore the court properly instructed it to reconsider its verdict upon the second count, and the verdict finally rendered thereon is consistent with law and was properly accepted by the court. The sentence of the court upon the first count is stricken out in accordance with the majority opinion of the Supreme Court.

**2. Criminal Law § 81c—**

Where defendant is convicted upon two counts, and is sentenced by the court upon each, the sentences to run concurrently, and the sentence on the second count is the longer, any error in the return of the verdict upon the first count could not prejudice defendant, the conviction and sentence on the second count being without error.

APPEAL by defendant from *Bobbitt, J.,* at August Term, 1940, of YANCEY. Modified and affirmed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State, appellee.*

*Charles Hutchins and Briggs & Atkins for defendant, appellant.*

SEAWELL, J. The defendant was tried under a bill of indictment containing two counts, as follows: "The jurors for the State upon their oath present, That Arthur Wilson, late of the County of Yancey, on the 1st day of January, in the year of our Lord one thousand nine hundred and forty, with force and arms, at and in the county aforesaid, in and upon one Chloe Johnson, against the peace of the State, then and there being violently and feloniously did make an assault on her the said Chloe Johnson, then and there violently, forceably, feloniously and against her will did rape, ravish and carnally know her, against the form of the statute in such cases made and provided, and against the peace and dignity of the State.

"The jurors for the State upon their oath further present that Arthur Wilson, being a male person, over the age of 18 years, late of the County of Yancey, on the 1st day of January, 1940, A.D., with force and arms, and in said county aforesaid, did unlawfully, willfully and feloniously

carnally know and abuse one Chloe Johnson, a female child over 12 years, and under 16 years of age, who had never before had sexual intercourse with any person, against the form of the statute in such cases made and provided, and against the peace and dignity of the State."

When the jury was impaneled the solicitor announced that he would not ask for conviction of the capital offense of rape charged in the first count, but of such lesser degree of crime as the evidence might appropriately present. With this announcement the cause went to trial upon the two-count bill.

When the jury returned to the courtroom to render their verdict, the record discloses that the following occurred:

"THE CLERK: Gentlemen, have you agreed on your verdict?

"JUROR: We have.

"THE CLERK: What is your verdict on the first count?

"JUROR: Not Guilty.

"THE CLERK: What is your verdict on the second count?

"JUROR: Guilty of an assault on a female.

"THE COURT: Gentlemen, the Court cannot accept this verdict. It is not rendered in accordance with the instructions the Court has given you. As the Court has heretofore explained to you, as to the first count in the bill of indictment, the jury may return one of three possible verdicts, namely, a verdict of guilty of an assault with intent to commit rape, or a verdict of guilty of an assault on a female, or a verdict of not guilty, and that as to the second count in the bill of indictment, which is the charge that the defendant had sexual intercourse with a female child over 12 years of age and under 16 years of age, who had not previously had sexual intercourse with any person, the jury may return one of two possible verdicts, namely, a verdict of guilty or a verdict of not guilty. You may retire to your jury room and deliberate further as to your verdict.

"After deliberating for 30 minutes or more, the jury returned again to the courtroom, when the following occurred:

"THE CLERK: Gentlemen, have you agreed on your verdict?

"JUROR: We have.

"THE CLERK: What is your verdict as to the first count?

"JUROR: Guilty.

"THE COURT: Guilty of what?

"JUROR: Guilty of an assault on a female.

"THE COURT: Guilty of an assault on a female: So say you all, gentlemen of the jury?

"JURORS: (All twelve jurors spoke or nodded their assent.)

"THE CLERK: What is your verdict as to the second count?

"JUROR: (The juror who had heretofore acted as spokesman hesitated and made some remark, in a low voice, which the Court did not hear.)

"THE COURT: Gentlemen, the second count, as the Court has explained to you, charges the defendant with having had sexual intercourse with a female child over 12 years of age and under 16 years of age, who had not previously had sexual intercourse with any person: Do you find the defendant guilty or not guilty of this charge?

"JUROR: Guilty.

"THE COURT: Guilty: So say you all, gentlemen of the jury?

"JURORS: (All twelve jurors spoke or nodded their assent.)

"THE COURT: Gentlemen, as the Court understands your verdict with reference to the first count, your verdict is that the defendant is guilty of an assault on a female. If that is your verdict as to the first count, raise your right hands.

"JURORS: (All twelve jurors thereupon raised their right hands.)

"THE COURT: Gentlemen, as the Court understands your verdict with reference to the second count, your verdict is that the defendant is guilty, that is, guilty of having sexual intercourse with a female child over 12 years of age and under 16 years who had not previously had sexual intercourse with any person. If that is your verdict as to the second count, raise your right hands.

"JURORS: (All twelve jurors thereupon raised their right hands.)

"THE COURT: Record the verdict, Mr. Clerk."

The jury was then dismissed.

Defendant's first exception is "to all of the foregoing." His second and remaining exception is to the judgment rendered on the verdict, which, upon the first count, sentences him to two years on the public roads, and, on the second count, sentences him to five years in State's Prison. Other exceptions are formal.

Conceding that the jury had finished their deliberations and reached a verdict to the effect that the defendant was not guilty on the first count and had properly delivered the same in open court, and that it was beyond the power of the court to recommit the issue to them, we are of the opinion that no irregularity or defect of procedure attended the rendering of the verdict on the second issue, and that a judgment based thereupon is valid. The jury attempted to return a verdict upon this issue, it is true, but it was not responsive to the indictment, and since it was a verdict they could not in law render, it was the duty of the judge to require that they continue their deliberations until a proper verdict should be reached. His instructions as to the verdict they might render on this count are consistent with the law. The manner of its reception is unobjectionable.

Since the terms of imprisonment assigned under both counts are to run concurrently, and that under the second count, where there is a valid conviction, is the longer, the defendant is not harmed by something which would not add to his punishment. But the majority of the Court feels that so much of the judgment as is based on the verdict on the first count—that is, the sentence of two years—should be stricken out, and it is so ordered. The sentence on the second count—that is, five years in State's Prison—is valid, and will stand. As thus modified, the judgment is

Affirmed.