GROWERS EXCHANGE, INC., v. GEO. B. HARTMAN.

(Filed 17 September, 1941.)

**1. Appeal and Error § 38—**

When the judge's charge is not in the record it will be presumed that the court correctly instructed the jury on every principle of law applicable to the facts in evidence.

**2. Fraud § 7—**

The mere fact that a creditor accepts part payment to be credited on the debt and agrees as to the balance then due does not preclude him from thereafter asserting that the original debt was for property obtained by fraud effected by means of worthless checks given the creditor by the debtor, the acceptance of part payment and the agreement as to the balance due not constituting a novation.

**3. Novation § 1—**

In order for the acceptance of part payment and an agreement as to the balance due to constitute a novation, the transaction must have been so intended by the parties, and in the absence of evidence that it was so intended it will not have the effect of changing the nature of the original obligation or of depriving the creditor of the remedies available.

GROWERS EXCHANGE, INC., v. HARTMAN.

**4. Bankruptcy § 9—**

The balance of a debt after crediting payments and agreement by the parties as to the amount then due is not discharged by the debtor's bankruptcy when it is determined by the jury that the original debt was for property obtained by false pretenses or false representations.

APPEAL by defendant from *Burgwyn, Special Judge,* at May Term, 1941, of PASQUOTANK. No error.

Plaintiff instituted its action against defendant upon a judgment rendered in a court of competent jurisdiction in the State of Virginia. Shortly after process was served on defendant he filed petition in bankruptcy. Plaintiff thereupon amended its complaint and alleged that the debt was for property (certain farm produce) obtained "by false pretenses or false representations," and that the fraud was effected by means of worthless checks given plaintiff by the defendant.

Issues were submitted to the jury as to the amount of the indebtedness, and as to whether that amount was a "liability against defendant for obtaining property by false pretenses or false representations." The amount of the indebtedness was admitted to be $1,678.90 and interest, and the jury answered the issue of fraud in favor of the plaintiff. Defendant appealed.

*J. Henry LeRoy for plaintiff.*
*L. S. Blades, Jr., and W. A. Worth for defendant.*

DEVIN, J. The defendant complains of the judgment below on the ground that the court failed to give a peremptory instruction for the defendant on the determinative issue, and also that the court failed to charge the jury, as requested, that if plaintiff and defendant entered into a new agreement by which certain credits were allowed on the indebtedness the issue of fraud should be answered in defendant's favor.

The judge's charge was not sent up, and hence it is presumed the court correctly instructed the jury on every principle of law applicable to the facts in evidence. *Dry v. Bottling Co.,* 204 N. C., 222, 167 S. E., 801; *Miller v. Wood,* 210 N. C., 520, 187 S. E., 767. There was no evidence that the payments made or securities given were intended to satisfy the debt, or to constitute a compromise settlement of plaintiff's claim. It was admitted that there was a balance due plaintiff in the sum of $1,678.90. Neither the mere acceptance of a part payment to be credited on the debt, nor an agreement as to the balance due, would prevent the plaintiff from alleging and proving that defendant was guilty of fraud in obtaining the property for which the obligation was incurred. Ordinarily, in order to constitute a novation the transaction must have been

so intended by the parties. In the absence of evidence that it was so intended, the giving of a note or additional security would not have the effect of changing the nature of the original obligation or deprive the creditor of the remedies available. *Terry v. Robbins,* 128 N. C., 140, 38 S. E., 470; *Grace v. Strickland,* 188 N. C., 369, 124 S. E., 856; *Case v. Fitzsimons,* 209 N. C., 783, 184 S. E., 818; 46 C. J., 589; Collier on Bankruptcy (14th Ed.), sec. 17, pg. 1607; *Gregory v. Williams,* 106 Kan., 819; *Friend v. Talcott,* 228 U. S., 27.

The instructions as prayed were properly declined. Under the findings of the jury plaintiff's debt was not released by the bankruptcy. 11 U. S. C. A., par. 35, pg. 150.

In the trial we find

No error.