## STATE v. WAYLAND WHITE, JR.

(Filed 20 September, 1950.)

**1. Larceny § 7—**

Evidence in this prosecution for larceny of certain pigs *held* sufficient to overrule defendant's motion to nonsuit.

**2. Criminal Law § 77c—**

Where the charge as a whole is not contained in the record it will be presumed that the trial court correctly charged the jury, and an exception to an excerpt from the charge will not be sustained, even though it contained an apparent *lapsus linguæ* which might have been harmful if not corrected in other portions of the charge.

APPEAL by defendant from *Frizzelle, J.,* at April Term, 1950, of CHOWAN.

Criminal prosecution upon a bill of indictment containing two counts in which defendant is charged with (1) larceny of nine hogs, the property of one Dewey Stallings, and (2) receiving said hogs knowing them to have been stolen.

Verdict: Guilty of larceny as charged in the bill of indictment.

Judgment: Confinement in the county jail for a period of two years to be assigned to work the public roads under the supervision of the State Highway and Public Works Commission.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Walter H. Oakey, Jr., for defendant, appellant.*

WINBORNE, J. Though there are set out in the record, and discussed in the brief of defendant filed in this Court other assignments of error, the "question presented" on this as stated in said brief relates only to the action of the court in denying the motion of defendant for judgment as of nonsuit on the count charging larceny.

As to this, a reading of the record discloses sufficient evidence of facts and circumstances bearing thereon to take the case to the jury, and to support a verdict of guilty so returned by the jury.

Moreover, the other assignments of error do not show error. While an excerpt from the charge of the court contains an apparent *lapsus linguæ,* which, if not corrected, might have been harmful to defendant. However, the charge as a whole is not contained in the record. Hence, it will be presumed that the trial judge correctly charged the jury. *S. v. Jones,* 182 N.C. 781, 108 S.E. 376; *S. v. Brooks,* 225 N.C. 662, 36 S.E. 2d 238; *S. v. Wooten,* 228 N.C. 628, 46 S.E. 2d 868.

In the judgment below, we find

No error.