STATE v. CHARLES F. SEARS.

(Filed 21 May, 1952.)

**1. Criminal Law § 52a (1)—**

On motion to nonsuit in a criminal action, defendant's evidence, except so much as may tend to explain or clarify the State's evidence, is not to be considered.   G.S. 15-173.

**2. Criminal Law § 52a (2)—**

Where the State's evidence is sufficient to establish each element of the offense and that defendant was the perpetrator thereof, defendant's motion to nonsuit upon his evidence of alibi is correctly denied.

**3. Criminal Law § 81b—**

Where the only part of the charge set out in the record is that portion in which the court stated the contentions of defendant upon his evidence of alibi, and the statement of such contentions is correct and is not repugnant to a correct instruction upon the burden of proof, it will be assumed that the court gave full and correct instructions upon the point and an exception cannot be sustained.   G.S. 1-180.

**4. Criminal Law § 54e—**

In this prosecution for rape, the solicitor announced that the State would not seek conviction for the offense charged but only of assault with intent to commit rape.   The jury rendered a verdict of "guilty as charged." *Held:* The court properly explained to the jury that the capital crime was not in issue and properly inquired of the jury if they intended as their verdict guilty of assault with intent to commit rape, and upon their assent, judgment was properly entered upon the verdict.

APPEAL by defendant from *Grady, Emergency Judge,* at December Special Criminal Term, 1951, of CUMBERLAND.

Criminal prosecution upon bill of indictment charging that Charles F. Sears, a male person, late of the county of Cumberland, above the age of eighteen years, on 9th day of November, 1951 with force and arms, at and in the county aforesaid, did unlawfully, willfully and feloniously rape, ravish and carnally know Isabell Melvin, a female person, violently and against her will, against the form of the statute, etc.

Defendant, upon arraignment, pleaded not guilty.

Upon the calling of the case the Solicitor announced in open court that defendant would not be tried for life, but that the State would seek a conviction on a charge of assault with intent to commit rape.

The case on appeal shows that the State offered as a witness Isabell Melvin, 16 years old, whose testimony tends to show the essential elements of the crime of rape upon her, about nine o'clock on 9 November, 1951, and that defendant was the perpetrator of such crime, a recital of details of which will serve no useful purpose.   Hence it is omitted.   And the

State offered in corroboration of the prosecuting witness the testimony of other witnesses.

On the other hand, defendant, as witness in behalf of himself, denied that he was the perpetrator of the crime charged, and pleaded an alibi, that is, that he was elsewhere all of the night of 9 November, 1951, from 4:45 o'clock p.m., until around 4 o'clock the next morning. Defendant offered many witnesses whose testimony tended to corroborate him in his plea of alibi.

The State offered testimony in rebuttal.

At the close of all the evidence defendant made motion for judgment as of nonsuit pursuant to G.S. 15-173, as rewritten in Chap. 1086 of 1951 Session Laws of North Carolina, and the motion was denied. "Exception No. 1."

Verdict: Guilty of assault with intent to commit rape.

Judgment: Ten years confinement in State Prison.

Defendant excepts thereto and appeals to Supreme Court, and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Samuel S. Mitchell and Herman L. Taylor for defendant, appellant.*

WINBORNE, J. While appellant, the defendant, makes six assignments of error, only three need be given express consideration.

First: It is contended and argued by appellant that the trial court erred in overruling his motion for judgment as of nonsuit made at the close of all the evidence, G.S. 15-173, as rewritten in Chap. 1086 of 1951 Session Laws of North Carolina.

Such a motion made under the provisions of G.S. 15-173, formerly C.S. 4643, and as so rewritten, serves, and is intended to serve, the same purpose in criminal prosecutions as is accomplished by G.S. 1-183, as rewritten in Chapter 1081 of 1951 Session Laws of North Carolina, formerly C.S. 567, in civil actions. *S. v. Fulcher,* 184 N.C. 663, 113 S.E. 769.

Thus, in considering such motion in a criminal prosecution, the defendant's evidence, unless favorable to the State, is not to be taken into consideration, except when not in conflict with the State's evidence, it may be used to explain or make clear that which has been offered by the State. See *Rice v. Lumberton, ante,* 227, where the decisions of this Court in support of the above rule of procedure are assembled. See also *S. v. Bryant, ante,* 420.

Therefore, taking the evidence offered by the State and so much of defendant's evidence as is favorable to the State, or tends to explain and

make clear that which has been offered by the State, in the light most favorable to the State, this Court is of opinion, and holds that there is sufficient evidence to take the case to the jury on the question of the guilt or innocence of defendant on the charge of rape set out in the bill of indictment, or on the lesser charge for which the solicitor of the State elected to put him upon trial. As set out above in statement of the case, the testimony of the prosecutrix tends to show the essential elements of the crime of rape upon her on the night of 9 November, 1951, and that the defendant was the perpetrator of the crime. And other evidence offered by the State as set out in the case on appeal, tends to corroborate the testimony of the prosecutrix.

On the other hand, the evidence offered by defendant is in conflict with the State's evidence. Hence the evidence of defendant may not be taken into consideration in passing upon the motion of defendant for judgment as of nonsuit at the close of the evidence under provisions of G.S. 15-173, as so rewritten. The evidence offered makes an issue of fact which the jury alone may determine, *S. v. Wood, post,* 636, under proper instructions from the court upon applicable principles of law. And the assignment of error is not sustained.

Second: Exception is taken to an excerpt from the charge of the court to the jury. The record shows that "During the course of the charge, the court, after having fully stated the contentions of the State, said to the jury: 'The court does not understand from the argument of counsel that there is any serious contention about the fact that there was an attack upon the prosecuting witness; however, the defendant contends that while there may have been an attack upon her by some person, he contends that he could not have been the attacker as he was some thirty miles away at the time in question, in the Town of Lillington, in the County of Harnett.'"

The charge of the court to the jury is not contained in the record of case on appeal. The above is the only portion of it shown.

When the judge's charge is not shown in the record of case on appeal, it will be presumed that the court correctly instructed the jury on every principle of law applicable to the facts in evidence. *Growers Exchange v. Hartman,* 220 N.C. 30, 16 S.E. 2d 398; *Cato v. Hospital Care Asso.,* 220 N.C. 479, 17 S.E. 2d 671; *S. v. Wooten & Ward,* 228 N.C. 628, 46 S.E. 2d 868; *S. v. Sullivan,* 229 N.C. 251, 49 S.E. 2d 458; *S. v. White,* 232 N.C. 385, 61 S.E. 2d 84. See also *Hornthal v. R. R.,* 167 N.C. 627, 82 S.E. 830; *S. v. Jones,* 182 N.C. 781, 108 S.E. 376; *Dry v. Bottling Co.,* 204 N.C. 222, 167 S.E. 801; *Miller v. Wood,* 210 N.C. 520, 187 S.E. 765; *Maynard v. Holder,* 219 N.C. 470, 14 S.E. 2d 415.

In the light of this well settled rule in this State, since the whole charge is not contained in the record of case on appeal, it will be presumed that

the court correctly instructed the jury that the burden is upon the State to prove beyond a reasonable doubt that the offense charged was committed. The excerpt from the charge, to which exception is taken, does not contradict this presumption. Indeed, in view of the defense set up by defendant, it would seem that this excerpt is the statement of a contention, and is not violative of the provisions of G.S. 1-180, as rewritten by Chap. 107 of 1949 Session Laws of North Carolina. Compare *S. v. Jackson,* 199 N.C. 321, 154 S.E. 402; *S. v. Vick,* 213 N.C. 235, 195 S.E. 779.

Third: Exception is taken to the manner in which the verdict of the jury was received.

The record shows that: "The jury retired and subsequently returned into the court and when asked by the Clerk how they found, the answer was 'Guilty as charged'; whereupon the court stated to the jury that the charge in the bill of indictment was that of rape, which is the capital felony, and that, as explained in his charge to the jury, the Solicitor was not asking for a verdict of 'Guilty of Rape' but for a verdict of 'Guilty of Assault with Intent to Commit Rape'; and the court inquired of the jury if that was the verdict which they intended to render, that is to say, 'guilty of assault with intent to commit rape,' whereupon the jurors all nodded their heads in acquiescence and the foreman stated, 'That is our verdict, guilty of assault with intent to commit rape.' The verdict was accepted by the court and enrolled upon the Minutes of the Court of the Term."

We hold that the manner of receiving the verdict is unobjectionable. This Court so held in *S. v. Wilson,* 218 N.C. 556, 11 S.E. 2d 567, where verdict on the second count was received in similar manner.

The Court said: "We are of opinion that no irregularity or defect of procedure attended the rendering of the verdict on the second issue, and that a judgment based thereupon is valid. The jury attempted to return a verdict upon this issue, it is true, but it was not responsive to the indictment, and since it was a verdict they could not in law render, it was the duty of the judge to require that they continue their deliberations until a proper verdict should be reached. His instructions as to the verdict they might render on this count are consistent with the law."

Such is the situation in hand. What transpired simply spelled out what the jury had agreed upon as its verdict.

The remaining assignments relate (4 and 5) to denial of defendant's motions to set aside the verdict, and for a new trial, and (6) to the signing of judgment. These, in the light of decision on other assignments of error, are formal—and abide the decision as to them.

It is noted that in brief of counsel for defendant much is said about constitutional rights of defendant. But we fail to see that any constitutional question is presented. The points arose in a State court in the

regular course of a judicial (criminal) proceeding. Only questions of evidence and criminal procedure are presented.

In the judgment from which appeal is taken, we find

No error.