THOMAS H. PEGRAM v. SAMUEL STOLTZ.

*Slander -- Damages.*

1. Words falsely spoken, charging one with an infamous offence or with an infectious disease or impeaching his trade or profession, are *per se* actionable.

2. Where the words spoken do not on their face import such degradation, the plaintiff in order to recover must aver some special damage and must show by proof that he has in fact sustained a loss.

3. If at the time of the alleged slanderous words, the person concerning whom they are spoken is not liable to an infamous punishment by reason of the offence charged, the words are not *per se* actionable. *Therefore*, when the defendant in 1870 said of the plaintiff that he had sworn falsely in 1867 before the Board of Registrars of Davidson County, then acting under the provisions of the Act of Congress, entitled "an Act to provide for the more efficient government of the rebel States" which Act ceased to operate in this State before 1870. *Held*, that the plaintiff, no special damage being alleged, could not recover.

CIVIL ACTION, tried at Fall Term, 1876, of FORSYTHE Superior Court, before *Kerr, J.*

This was an action of Slander to recover damages for injury to the plaintiff's character and the material facts are as follows;

The defendant on the 4th day of August, 1870, said of the plaintiff. "He is a perjured man. He went to David-

son County and swore before the Board of Registrars of said County that he was a citizen of Davidson County when he knew that he was a citizen of Forsythe." The plaintiff was advised by said Board that he had a right to register in Davidson although he lived in Forsythe County and did so register in the latter part of the year 1867 or early in 1868. Said Board of Registration was acting under the authority of the Provisional Government of the State, established by an Act of Congress entitled "an Act to provide for the more efficient government of the rebel states" passed March 2nd, 1867 and the Acts supplemental thereto.

The jury rendered a verdict for the plaintiff. Judgment. Appeal by defendant.

*Messrs. J. A Gilmer, Watson & Glenn* and *T. J. Wilson,* for plaintiff.

*Mr. J. M. Mc Corkle,* for defendant.

FAIRCLOTH, J. (After stating the facts as above.) The State being in an anomalous condition, the above recited Act was passed to meet the particular emergency then existing and was so intended as appears from its preamble. It was made applicable by its terms only to those States lately in rebellion and was therefore a local Act and not a general law of the United States. It provided the manner and means by which it was to be executed, by giving the Military Officer in command of the District authority to punish all criminals and disturbers of the public peace, &c. by establishing local civil tribunals and organizing Military Courts whenever he saw fit to do so, and provided further that any interference with those matters by State authority should be null and void and in general that any citizen violating the law should be punished by the authority of said Act.

It furthermore provided, among other things, that when the qualified electors of the State should adopt a State Con-

stitution as therein provided and the same should be approved by Congress, each of which was done on or before the 25th of June, 1868, then said Act of Congress should cease to be operative in North Carolina.

Perjury is an offence against public justice and is visited with infamous punishment, because it is a heinous crime and because it *necessarily* tends to defeat and obstruct the administration of justice.    At common law it can be committed only in some judicial proceeding, civil or criminal, in a matter material to the issue in question by taking a wilful false oath in a Court of justice or before some Magistrate or officer having authority to administer the same. The law takes no notice of a false oath however wickedly taken, other than as above stated, as if it be extrajudicial or in regard to some private matter.

In such instances, if private persons are affected, they have their remedy by action for damages but it doth not concern the public and is not therefore punishable as for perjury.    4 Bl. Com. 137 *et seq.*

A man whose character or reputation is injured by slanderous words, may have his action for damages and if the words falsely spoken charge him with an infamous offence or with having an infectious disease or impeach his trade or profession, these words are *per se* actionable, because these words do necessarily tend to his degradation and injury and he may recover as a matter of course without showing that he has actually sustained a damage.    But when the words spoken are such as do not on their face import such degradation as will of course be injurious, as to call a man a rascal or heretic, then the plaintiff must aver some special damage which is called laying his action with a *per quod* and must show by proof that he has in point of fact sustained a loss before he can recover.    3 Bl. Com. 123.

With these general principles applied to the facts in the case before us was the plaintiff entitled to recover?    No

special damage was alleged nor was there any evidence to support such an allegation. So that view is out of the case. The alleged false swearing before the Board of Registrars occurred late in 1867 or early in 1868, and the authority to punish the offence charged, if it had been committed, had ceased to operate in North Carolina certainly by June 25th, 1868, by the terms of the said Act of Congress, and the slanderous words were spoken subsequently. So that at that time the plaintiff was not liable to an infamous punishment, if the words had been true, for the reasons above stated, *i. e.* the words spoken were not *per se* actionable and the plaintiff cannot recover. There was a second count in the complaint for perjury without any specification, but it was not supported by evidence and the case was tried on the first allegation.

Elaborate briefs were filed but no authorities cited on the point above decided. Let this be certified.

There is error.

PER CURIAM.                          Judgment reversed.