### STATE v. J. L. DOWD.

(Filed 25 November, 1931.)

**Perjury A a—In order to constitute perjury the false swearing must be wilfully and corruptly done.**

Where the complaint in a civil action has been verified the answer must also be verified, and where the defendant swears to it before one authorized to administer the oath and the answer contains a false statement of fact, in order to convict him of perjury under the provisions of C. S., 4364, it must be shown that he "wilfully and corruptly" committed the offense, and where there is evidence in his behalf that he was reasonably mistaken as to the import of his allegations an instruction to the effect that if the jury believed all the evidence to find him guilty is reversible error. The distinction is made as to perjury under the common-law definition.

APPEAL by defendant from *MacRae, Special Judge,* at August Term, 1931, of MOORE. New trial.

The Page Trust Company instituted a civil action for the collection of a note signed by K. M. Phillips and the defendant. The plaintiff filed a verified complaint alleging the due execution of the note by the

makers and the payment thereon of only four dollars and a half. Phillips filed no answer; the defendant filed a verified answer denying that he had executed the note. Thereafter he was prosecuted upon an indictment charging him with the unlawful, corrupt, wilful, and felonious commission of perjury "in a verified answer to a certain action pending in the Superior Court for the county of Moore," etc., and was convicted. From the sentence pronounced he appealed, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*W. R. Clegg for defendant.*

PER CURIAM. Lord Coke defined perjury at common law as "a crime committed when a lawful oath is administered, by any that hath authority, to any person in any judicial proceeding, who sweareth absolutely and falsely in a matter material to the issue or cause in question, by their own act, or by the subornation of others." 3 Coke Inst., 164. The requisites are the false oath, lawfully administered in a judicial proceeding or in the course of justice, and wilfully and corruptly taken, in regard to a matter material to the issue or inquiry. *Pegram v. Stoltz,* 76 N. C., 349. At common law false swearing is a distinct offense. In several states laws have been passed enumerating certain acts which, though not within the common law definition, are yet defined as perjury.

The defendant's prayer for instructions to the jury, his motion to quash the indictment, and his motion to dismiss the action seem to be based on the theory that the defendant was prosecuted for perjury at common law, but he was not; and for this reason, if for no other, his prayer and his motion were properly denied. Neither was there any error in refusing his motion to amend the bill. An indictment duly returned upon oath cannot usually be amended by the court without the concurrence of the grand jury by whom it was found or the consent of the defendant. *S. v. Sexton,* 10 N. C., 184; *S. v. Cody,* 119 N. C., 908.

The defendant is entitled to a new trial, however, for error in the judge's instructions. The indictment charged a breach of the following statute: "If any person shall wilfully and corruptly commit perjury, on his oath or affirmation, in any suit, controversy, matter or cause, depending in any of the courts of the State, or in any deposition or affidavit taken pursuant to law, or any oath or affirmation duly administered of or concerning any matter or thing whereof such person is lawfully required to be sworn or affirmed, every person so offending shall be guilty of a felony and shall be fined not exceeding one thousand dollars, and imprisoned in the county jail or State's prison not less than four months nor more than ten years." C. S., 4364.

The complaint was verified; it was necessary to verify the answer to make it available. C. S., 528. The defendant swore to the answer and the oath was administered to him concerning a matter "whereof he was lawfully required to be sworn." But he cannot be convicted unless in the terms of the statute he "wilfully and corruptly committed perjury."

The defendant testified that he signed the note as surety, not as principal; that his attorney prepared the answer and read it to him; that he understood the answer to the second allegation of the complaint merely as a denial that he had signed the note as principal; that his attorney advised him to verify the answer and that he did so because he thought the affidavit was both necessary and true. Under these circumstances whether he took the oath wilfully and corruptly was a matter for the jury to determine and not a conclusion of law. The following instruction, therefore, entitles the defendant to a new trial: "If you find the facts to be as testified to and believe all the evidence in the case, you will return a·verdict of guilty."

New trial.