STATE OF NORTH CAROLINA v. TYWAINE SHERELL DENNY

No. 572PA06

(Filed 9 November 2007)

## 1. Perjury— motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of perjury in order to obtain court-appointed counsel to defend him for failure to pay child support based on his submission of a sworn indigency affidavit in which he wrote "0" under the category of assets titled "Real Estate" although he was record co-owner of real property, because: (1) there was substantial evidence that the statement was false and that defendant made the statement knowingly, willfully, and designedly; (2) the State provided evidence of defendant's possible motivations for failing to disclose his ownership of the property; (3) the evidence met the heightened standard required for proving falsity through the testimony of two witnesses or one witness and corroborating evidence; (4) defendant's explanation that he did not have an equitable interest in the property created an issue for the jury to evaluate and did not negate the sufficiency of the State's evidence; (5) the jury could reasonably have inferred that defendant and his girlfriend willfully structured the real estate conveyance in a manner that would prevent defendant from receiving income that could be used to make child support payments; and (6) defendant's evidence that he did not intentionally misstate the facts since he believed he had no equitable interest in the property conflicts with the State's evidence and cannot be taken into consideration when determining whether to dismiss defendant's perjury charge.

## 2. False Pretense— making false statements—motion to dismiss—sufficiency of evidence

The trial court erred by denying defendant's motion to dismiss the charge of making false statements under N.C.G.S.

§ 7A-456 in order to obtain court-appointed counsel to defend him for failure to pay child support based on his submission of a sworn indigency affidavit in which he wrote "0" under the category of assets titled "Real Estate" although he was record co-owner of real property, because the record failed to evidence all of the required elements of making false statements when: (1) there was no evidence that defendant was notified by a judicial officer of the provisions of N.C.G.S. § 7A-456(a), as required by subsection (b); and (2) although the form indicates a deputy clerk was present when defendant submitted the affidavit, presence alone is not evidence of notification.

### 3. Appeal and Error— appealability—mootness

Defendant's double jeopardy and ineffective assistance of counsel claims in a perjury and making false statements case are dismissed as moot, because: (1) in regard to the double jeopardy claim, defendant's conviction for making a false statement was reversed; and (2) in regard to defendant's ineffective assistance of counsel claim, it was premised on his trial counsel's failure to renew his motion to dismiss the charges for insufficiency of the evidence, and the Court of Appeals considered the merits of defendant's sufficiency argument.

Justice TIMMONS-GOODSON concurring in part and dissenting in part.

Justice HUDSON joins in the dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of a divided panel of the Court of Appeals, 179 N.C. App. 822, 635 S.E.2d 438 (2006), reversing defendant's convictions for perjury and making false statements and vacating a judgment entered 2 December 2004 by Judge James W. Morgan in Superior Court, Burke County. Heard in the Supreme Court 11 April 2007.

*Roy Cooper, Attorney General, by Derrick C. Mertz, Assistant Attorney General, for the State-appellant.*

*Jarvis John Edgerton, IV for defendant-appellee.*

NEWBY, Justice.

The issue presented is whether the State presented substantial evidence to support defendant's convictions for perjury and making false statements. We hold that the evidence of defendant's failure to

disclose his record ownership of real estate was adequate to support his perjury conviction. However, because the record fails to evidence all of the required elements of making false statements, that conviction must be overturned.

Defendant was indicted on 1 December 2003 on charges of perjury and making false statements in order to obtain court-appointed counsel to defend him for failure to pay child support. The evidence tended to show that defendant submitted a sworn indigency affidavit in which he wrote "0" under the category of assets titled "Real Estate" although he was record co-owner of real property. Defendant testified he did not list the property because he believed he had no financial interest in it.

On 2 December 2004, a jury convicted defendant of perjury and making false statements. After finding defendant's prior record level to be III, the trial court consolidated the charges and sentenced defendant in the presumptive range to a prison term of seventeen to twenty-one months. On appeal defendant argued three issues: (1) the evidence was insufficient to support the charges; (2) ineffective assistance of counsel; and (3) double jeopardy. On 17 October 2006, a divided panel of the Court of Appeals addressed only defendant's sufficiency argument and held there was insufficient evidence to support either conviction. *State v. Denny*, 179 N.C. App. 822, 825-26, 635 S.E.2d 438, 441-42 (2006). The majority considered the merits of the issue pursuant to Appellate Rule 2 even though defendant had not properly preserved the issue for appeal by making a motion to dismiss at the close of all the evidence. The dissent disagreed with the majority's decision to invoke Rule 2. *Id.* at 826-27, 635 S.E.2d at 442 (Steelman, J., dissenting).

The State did not appeal based upon the dissent, but petitioned this Court for review of the Court of Appeals decision to reverse defendant's convictions. We allowed the State's motion for temporary stay on 6 November 2006 and the State's petitions for writ of supersedeas and for discretionary review on 14 December 2006.

Defendant's motion to dismiss his convictions should be denied as to each conviction if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990) (citing *State v. Mercer*, 317 N.C. 87, 96, 343 S.E.2d 885, 890 (1986)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* (quoting *State v. Earnhardt*, 307 N.C. 62, 66, 296 S.E.2d 649, 652 (1982) (citations and internal quotation marks omitted)). It is well established that when considering a motion to dismiss, the evidence must be viewed in the light most favorable to the State, giving the State the benefit of "every reasonable inference to be drawn therefrom." *E.g.*, *State v. Lowery*, 309 N.C. 763, 766, 309 S.E.2d 232, 236 (1983) (citing *State v. Bright*, 301 N.C. 243, 257, 271 S.E.2d 368, 377 (1980)). "The defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Jones*, 280 N.C. 60, 66, 184 S.E.2d 862, 866 (1971). However, when it is consistent with the State's evidence, the defendant's evidence "may be used to explain or clarify that offered by the State." *Id.* (citing *State v. Sears*, 235 N.C. 623, 70 S.E.2d 907 (1952)).

[1] The elements of perjury, as it is defined by common law and statute, are "a false statement under oath, knowingly, wilfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question." *State v. Smith*, 230 N.C. 198, 201, 52 S.E.2d 348, 349 (1949) (citations omitted); *see* N.C.G.S. § 14-209 (2005). Further, "it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances." *State v. King*, 267 N.C. 631, 633, 148 S.E.2d 647, 650 (1966) (citations omitted).

Defendant does not contest that the evidence would permit a finding that he made the statement under oath in a proceeding where he was required to be sworn or that the statement was material. He argues there is insufficient evidence that the statement was false and that he made it knowingly. However, viewed in the light most favorable to the State, there is substantial evidence that the statement was false and that defendant made the statement knowingly, willfully, and designedly.

On 13 January 2003, the twenty-eight year old defendant acquired legal title to real estate as a co-owner with his girlfriend Amber Clark ("Clark"). Four months later on 13 May 2003, defendant appeared in court for proceedings concerning his failure to pay child support. Defendant failed to report any ownership of real estate on the standard Affidavit of Indigency form provided by the Administrative Office of the Courts when he submitted it in an effort to obtain court-appointed legal counsel for the child support proceedings. The form, which is designed to aid the trial court in determining whether an

applicant qualifies for a court-appointed attorney because of lack of income and assets, contains three columns which pertain to different categories of items such as "Cash," "Motor Vehicles," and "Real Estate." The first column requires a description of items in each category. The second column, titled "Assets," requires a monetary value for the items described in column one, and the third column allows a monetary value to be listed for the "liabilities" associated with the items listed in column one. The second page of the form states (1) that information provided thereon may be verified and "[a] false or dishonest answer concerning your financial status could lead to prosecution for perjury" and (2) requires the applicant to swear that the information is true "[u]nder penalty of perjury."

Almost seven months later on 1 December 2003, defendant was indicted for failure to disclose his real estate ownership. Less than three months thereafter, defendant and Clark conveyed the real estate on 19 February 2004 for $57,500, yielding net proceeds of $56,769.12. The property was not encumbered by a deed of trust. The purchaser's real estate attorney, George Goosman, Jr. ("Goosman"), testified that as a record co-owner, defendant was required to sign the deed in order to effectively pass title. Goosman originally provided defendant and Clark with separate checks giving each one-half of the proceeds. However, he ultimately gave all proceeds from the sale to Clark because at closing, defendant told Goosman he had no financial interest in the property. At this point, defendant's acceptance of the proceeds would have been a confession of perjury and subjected the money to child support payments. Goosman also testified that as a record co-owner, defendant was entitled to half the appreciation in the real estate even if he paid none of the purchase price and that had defendant died, his estate would have had a claim to his portion of the asset.

The State also provided evidence of defendant's possible motivations for failing to disclose his ownership of the property. The Department of Social Services case manager assigned to defendant's case testified that ownership of real estate would be relevant to defendant's child support obligations for his two children, as well as whether he should receive court-appointed counsel to defend the charge of failure to pay child support.

This evidence met the heightened standard required for proving falsity through the testimony of two witnesses or one witness and corroborating evidence. *E.g., King*, 267 N.C. at 633, 148 S.E.2d at 650. Defendant, Clark, and Goosman all testified that defendant was

the legal co-owner of the real estate on the date he filled out the affidavit and that defendant and Clark later conveyed the property for net proceeds of $56,769.12. The State also introduced corroborating documentary evidence which included defendant's indigency affidavit and property records. The jury could reasonably infer from this evidence that the property had some value above zero at the time defendant submitted the indigency affidavit, and therefore, that his sworn representation that he had no real property assets was false. Defendant's explanation that he did not have an equitable interest in the property created an issue for the jury to evaluate and did not negate the sufficiency of the State's evidence. *See Sears,* 235 N.C. at 625, 70 S.E.2d at 908-09.

There is also substantial evidence that defendant made the false statement knowingly, willfully, and designedly. The State's evidence would have permitted the jury to infer that defendant knew he was a legal and equitable owner of the real estate on 13 May 2003 and only treated Clark as the sole equitable owner after his indictment, when to do otherwise would have been to confess a crime. Likewise, the jury could reasonably have concluded that defendant made the false statement knowingly, willfully, and designedly in order to avoid reporting assets that could affect his child support obligations and to increase his likelihood of receiving appointed counsel. In fact, the jury could reasonably have inferred that defendant and Clark willfully structured the real estate conveyance in a manner that would prevent defendant from receiving income that could be used to make child support payments.

Defendant's evidence that he did not intentionally misstate the facts because he believed he had no equitable interest in the property conflicts with the State's evidence and cannot be taken into consideration when determining whether to dismiss defendant's perjury charge. *See id.* "Under these circumstances whether [defendant made the false statement] wilfully and corruptly was a matter for the jury to determine and not a conclusion of law." *State v. Dowd,* 201 N.C. 714, 716, 161 S.E. 205, 206-07 (1931) (per curiam). Indeed, the trial court's instruction informed the jury that an element of perjury was "that the defendant acted wilfully and corruptly. That is, made the false statement knowingly, purposefully, and decidedly." Taken together with every inference for the State, substantial evidence was presented to sustain defendant's conviction for perjury.

[2] Defendant was also convicted of making false statements under N.C.G.S. § 7A-456, which provides:

STATE v. DENNY

[361 N.C. 662 (2007)]

(a) A false material statement made by a person under oath or affirmation in regard to the question of his indigency constitutes a Class I felony.

(b) A judicial official making the determination of indigency shall notify the person of the provisions of subsection (a) of this section.

N.C.G.S. § 7A-456 (2005).[1] Our examination of the record reveals no evidence that defendant was notified by a judicial officer of the provisions of subsection (a), as required by subsection (b). Although the form indicates a deputy clerk was present when defendant submitted the affidavit, presence alone is not evidence of notification. As the State failed to prove an element of the offense, defendant's conviction on this charge must be reversed.

[3] The decision of the Court of Appeals is modified and affirmed insofar as it reversed defendant's conviction for making false statements. The decision of the Court of Appeals is reversed regarding its reversal of defendant's conviction for perjury. As defendant's conviction for making a false statement is reversed, his assignment of error regarding his double jeopardy claim is moot. Defendant's ineffective assistance of counsel claim was premised on his trial counsel's failure to renew his motion to dismiss the charges for insufficiency of the evidence. Because we have considered the merits of defendant's sufficiency argument, his ineffective assistance of counsel claim is also moot.

MODIFIED AND AFFIRMED IN PART; REVERSED IN PART.

Justice TIMMONS-GOODSON concurring in part and dissenting in part.

I agree with the majority's conclusion that there was insufficient evidence to support defendant's conviction pursuant to N.C.G.S. § 7A-456 for making a false statement under oath. I would also hold that there was insufficient evidence to support defendant's perjury conviction. Therefore, I respectfully dissent.

"In accord with the common law definition and the statutes extending its application, it has been uniformly held that the elements essential to constitute perjury are substantially these: a

---

1. Although the title of N.C.G.S. § 7A-456 is "False statements; penalty," the text of the statute indicates that a single false statement is sufficient for conviction.

false statement under oath, *knowingly, wilfully, and designedly made* . . . concerning a matter wherein the affiant is required . . . to be sworn . . . ." *State v. Smith*, 230 N.C. 198, 201, 52 S.E.2d 348, 349 (1949) (emphasis added) (citations omitted). This heightened *mens rea* requirement comports with the additional burden placed on the State, best stated in *State v. Rhinehart*, 209 N.C. 150, 154, 183 S.E. 388, 391 (1935): "In prosecutions for perjury, it is required that the falsity of the oath be established by two witnesses, or by one witness and adminicular circumstances sufficient to turn the scales against the defendant's oath." These unique safeguards are necessary "[b]ecause of the special nature of a perjury charge, pitting as it does the oath of one person against that of another." 60A Am. Jur. 2d *Perjury* § 74 (2006). Indeed, the only crime in which the requirements of proof are greater is treason. *Id.*

In the instant case, defendant appeared in civil court for failure to pay child support. He applied for a court-appointed attorney by completing an affidavit of indigency. In the affidavit, defendant wrote a zero on the line asking for information about real estate assets. The affidavit did not require defendant to state whether he owned or had title to real property. It simply asked him for a "description of" his "assets and liabilities." The meaning of the term "assets" is subject to multiple interpretations, but the term generally implies some value in the object in question. *See, e.g., Black's Law Dictionary* 125 (8th ed. 2004) (defining "asset," *inter alia*, as "[a]n item that is owned and has value").

It should also not be lost on us that the purpose of the affidavit was to determine defendant's ability to pay for counsel. While the State presented testimony from one witness indicating that defendant's name appeared on the title to the property at issue, the State presented no evidence that defendant had any financial interest in the property or that the property contained any value at the time defendant signed the affidavit in question. Thus, the evidence presented at trial was also insufficient to establish the element of falsity.

The insufficiency of the evidence supporting defendant's conviction is particularly troubling in light of the heightened burden of proof required by our laws in perjury cases. "The law [of perjury] was intended to afford the defendant a greater protection against the chance of unjust conviction than is ordinarily afforded in prosecuting for crime." *State v. Hill*, 223 N.C. 711, 716, 28 S.E.2d 100, 103 (1943).

Because the evidence that defendant committed perjury is insufficient to sustain his conviction, I would affirm the Court of Appeals. Therefore, I respectfully dissent.

Justice HUDSON joins in this dissenting opinion.