NO. COA14-103

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

    v.

BILL RAYMOND SIMPSON

Wilkes County
No. 11 CRS 53054

On writ of certiorari, defendant appeals from judgment entered 19 September 2012 by Judge R. Stuart Albright in Wilkes County Superior Court. Heard in the Court of Appeals 3 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Laura Edwards Parker, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Jillian C. Katz, for defendant.*

ELMORE, Judge.

Bill Raymond Simpson ("defendant") appeals his conviction of being a registered sex offender unlawfully on premises used by minors in violation of N.C. Gen. Stat. § 14-208.18(a) (2013). Defendant's appeal is before us on writ of certiorari. Defendant argues that his indictment is fatally defective and that the trial court erred in denying his motion to dismiss. After careful review, we hold that defendant's indictment was not fatally defective. However, we agree that the trial court

erred in denying defendant's motion to dismiss. Accordingly, we reverse the order denying defendant's motion to dismiss.

## I. Background

Defendant is a registered sex offender based on his convictions for second degree rape and felony incest in 1997. Consequently, defendant is to maintain registration on the North Carolina Sex Offender and Public Protection Registry. The State's evidence at trial tended to establish the following: On 2 September 2011, defendant went to Cub Creek Park in Wilkesboro, North Carolina ("the park" or "Cub Creek Park"). The park is a public park in Wilkesboro that features walking trails, ball fields, swings, jungle gyms, picnic areas, a dog park, a stream, a community garden, and batting cages. Defendant was sitting on a bench within the premises of the park, facing and in close proximity to the park's batting cage and ball field. Sergeant Kenneth Coles ("Sergeant Coles"), a neighbor of defendant and off-duty police officer with the Wilkesboro Police Department, saw defendant. Because he knew that defendant was a registered sex offender, Sergeant Coles notified the police department of defendant's presence near the batting cage. Major Steve Dowell ("Major Dowell") responded to the call and arrived at the park, where he placed defendant

under arrest for violating N.C. Gen. Stat. § 14-208.18(a)(2). Section 14-208.18(a)(2) prohibits registered sex offenders from being "[w]ithin 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are not intended primarily for the use, care, or supervision of minors[.]"

Defendant was indicted by superseding indictment for violating N.C. Gen. Stat. § 14-208.18(a)(2) and attaining habitual felon status on 23 July 2012. The matter came on for trial on 19 September 2012. The jury found defendant guilty of violating  N.C. Gen. Stat. § 14-208.18(a)(2), and the State dismissed the habitual felon charge. The trial court sentenced defendant to a minimum of 19 months to a maximum of 23 months imprisonment. Defendant now appeals.

## II. Analysis

### A. Defective Indictment

Defendant argues that the trial court lacked subject matter jurisdiction over this case because the indictment charging him with violating N.C. Gen. Stat. § 14-208.18(a) failed to allege an essential element of the offense—that the batting cages and ball field were located on a premise *not* intended primarily for the use, care, or supervision of minors. We disagree.

Pursuant to N.C. Gen. Stat. § 15A-924(a)(5)(2013), a valid indictment must contain "[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation." An indictment "is sufficient in form for all intents and purposes if it expresses the charge against the defendant in a plain, intelligible, and explicit manner." N.C. Gen. Stat. § 15-153 (2013). "[T]he purpose of an indictment . . . is to inform a party so that he may learn with reasonable certainty the nature of the crime of which he is accused[.]" *State v. Coker*, 312 N.C. 432, 437, 323 S.E.2d 343, 347 (1984). The trial court need not subject the indictment to "hyper technical scrutiny with respect to form." *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 280 (2006). "The general rule in this State and elsewhere is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." *State v. Greer*, 238 N.C. 325, 328, 77 S.E.2d 917, 920 (1953).

"[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of [subject matter] jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace*, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). This Court "review[s] the sufficiency of an indictment *de novo*." *State v. McKoy*, 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, *cert. dismissed*, 366 N.C. 405, 735 S.E.2d 329 (2012). "An arrest of judgment is proper when the indictment 'wholly fails to charge some offense cognizable at law or fails to state some essential and necessary element of the offense of which the defendant is found guilty.'" *State v. Kelso*, 187 N.C. App. 718, 722, 654 S.E.2d 28, 31 (2007) (quoting *State v. Gregory*, 223 N.C. 415, 418, 27 S.E.2d 140, 142 (1943)). "The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State, if it is so advised, may proceed against the defendant upon a sufficient bill of indictment." *State v. Marshall*, 188 N.C. App. 744, 752, 656 S.E.2d 709, 715 (2008) (quoting *State v. Fowler*, 266 N.C. 528, 531, 146 S.E.2d 418, 420 (1966)).

The superseding indictment, by which the Grand Jury charged defendant with violating N.C. Gen. Stat. § 14-208.18(a), alleged that

> the defendant named above unlawfully, willfully and feloniously did as a person required by Article 27A of Chapter 14 of the General Statutes to register as a sex offender and having been previously convicted of an offense in Article 7A of Chapter 14 of the General Statutes, be within 300 feet of a location intended primarily for the use, care, or supervision of minors, to wit: a batting cage and ball field of Cub Creek Park located in Wilkesboro, North Carolina.

In North Carolina, it is unlawful for a person required to register as a sex offender under Chapter 14, Article 27A to knowingly be in any of the following locations:

> (1) On the premises of any place intended primarily for the use, care, or supervision of minors, including, but not limited to, schools, children's museums, child care centers, nurseries, and playgrounds.

> (2) Within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are **not** intended primarily for the use, care, or supervision of minors, including, but not limited to, places described in subdivision (1) of this subsection that are located in malls, shopping centers, or other property open to the general public.

> (3) At any place where minors gather for

> regularly scheduled educational, recreational, or social programs.

N.C. Gen. Stat. § 14-208.18(a) (2013) (emphasis added).

Here, both the original indictment and the superseding indictment charged defendant with violating N.C. Gen. Stat. § 14-208.18(a) but neither specified whether it was under subsection (1), (2), or (3). Quoting *State v. Daniels* in his brief, defendant calls our attention to the fact that the three subsections of N.C. Gen. Stat. § 14-208.18(a) present "three distinct scenarios in which a defendant may unlawfully be on certain premises[,]" thus creating three distinct crimes. *State v. Daniels*, ___ N.C. App. ___, ___, 741 S.E.2d 354, 360 (2012), *appeal dismissed, review denied*, 366 N.C. 565, 738 S.E.2d 389 (2013). Defendant notes that (a)(1) prohibits an offender from being in a place intended primarily for the use, care, or supervision of minors. It does not impute a 300 feet requirement. Alternatively, (a)(2) prohibits an offender from being within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are *not* intended primarily for the use, care, or supervision of minors. Defendant contends that the indictment is "confusing" as "it reads like it is either alleging (a)(1)

incorrectly, imputing a 300 foot radius where that is not an element of the offense, or simply incompletely alleging (a)(2)" because the park is not defined as a location *not* intended primarily for the use, care, or supervision of minors. Given that the indictment "does not plainly or lucidly reveal the crime [defendant] was accused of committing[,]" defendant argues that it "is fatally defective and the judgment entered thereon must be vacated."

We are not persuaded. It is clear from the indictment that defendant was charged with violating N.C. Gen. Stat. § 14—208.18(a)(2). The essential elements of the offense defined in N.C. Gen. Stat. § 14—208.18(a)(2) are that the defendant was knowingly (1) within 300 feet of any location intended primarily for the use, care, or supervision of minors when the place is located on premises that are not intended primarily for the use, care, or supervision of minors and (2) at a time when he or she was required by North Carolina law to register as a sex offender based upon a conviction for committing an offense enumerated in Article 7A of Chapter 14 of the North Carolina General Statutes or an offense involving a victim who was under the age of sixteen at the time of the offense.

Notably, only one of three subsections of N.C. Gen. Stat. § 14-208.18(a) imputes a 300 feet requirement, and that is (a)(2). Here, the indictment alleges that defendant, who is a person required to register as a sex offender, came "within 300 feet of a location intended primarily for the use, care, or supervision of minors, to wit: a batting cage and ball field[.]" It also specifies that ball fields and batting cages were located in Cub Creek Park in Wilkesboro. The inclusion of the language "within 300 feet" should have been sufficient to put defendant on notice that he was charged with violating N.C. Gen. Stat. § 14-208.18(a)(2). Additionally, because the indictment also alleged that defendant was a person required by Article 27A of Chapter 14 to register as a sex offender and named Cub Creek Park as the location where the purported offense occurred, we hold that defendant was sufficiently apprised of the nature of the conduct which was the subject of the accusation. *See* N.C. Gen. Stat. § 15A-924(a)(5) (2013). The fact that the indictment did not allege that the park was a location not primarily intended for the use, care, or supervision of minors does not render the indictment fatally defective on these facts. Accordingly, the indictment was sufficient to confer subject matter jurisdiction upon the trial court.

B. **Motion to Dismiss**

Defendant next asserts that the trial court erred in denying his motion to dismiss. Defendant specifically argues that the State failed to present substantial evidence that the batting cages and ball fields constituted locations that were primarily intended for use by minors. We agree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith,* 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). To defeat a motion to dismiss, the State must present "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Denny*, 361 N.C. 662, 664-65, 652 S.E.2d 212, 213 (2007) (citation and quotation marks omitted). In considering a motion to dismiss, the court must look at the evidence in the light most favorable to the State. *Id.* at 665, 652 S.E.2d at 213. "A motion to dismiss should be granted, however, when the facts and circumstances warranted by the evidence do no more than raise a suspicion of guilt or conjecture since there would still remain

a reasonable doubt as to defendant's guilt." *State v. McDowell*, 217 N.C. App. 634, 636, 720 S.E.2d 423, 424 (2011) (quotation marks and citation omitted).

Pursuant to § 14-208.18(a)(2), the State has the burden to present substantial evidence that defendant: (1) knowingly was within 300 feet of a location *intended primarily* for the use, care, or supervision of minors that is part of a place which is not intended for the use, care, or supervision of minors, including property open to the general public; and (2) at a time when he was required to register as a sex offender based on a conviction for any offense in Article 7A of Chapter 14 of the North Carolina General Statutes or any offense where the victim of the offense was under the age of 16 years at the time of the offense. (emphasis added). Defendant does not challenge the State's evidence as to the second element; his only contention is that the State failed to present substantial evidence that the batting cages and ball field were primarily intended for use by minors.

Section (a)(1) gives guidance to help determine what qualifies as a location "intended primarily" for minors, mentioning places "including, but not limited to, schools, children's museums, child care centers, nurseries, and

playgrounds." N.C. Gen. Stat. § 14-208.18(a)(1). While batting cages and ball fields *may* be used by minors, they are not *intended primarily* for minors absent special circumstances shown by the State. Here, the State failed to offer substantial evidence that the batting cages and ball field in the park were primarily intended for children. Officer Kerr testified that "[m]y stepson plays baseball at Cub Creek Park. They also have swing sets and playground type equipment there." Kerr's testimony regarding the fact that the park includes playground equipment is irrelevant since defendant was not charged with being within 300 feet of that equipment, and we have no way of knowing where that equipment is in reference to the benches by the ball field where defendant was found. Furthermore, Kerr's testimony that his stepson plays at Cub Creek Park has no bearing on whether the ball field and batting cages were "intended primarily" for use by minors because it is unclear how old his stepson is and whether he is even a minor. In fact, the trial court pointed this out to the State, noting that the State's witnesses failed to "specify how old their children were. You didn't say whether they were minors, whether they were adults or whether they were children. But they have to be

minors, they just can't be children. If they're 19, they're not minors."

Sergeant Coles also testified about who uses the batting cages and ball field, noting that "[y]ou have several ball fields where very minor small children play, as well as teenagers and even adults[.]" Moreover, Sergeant Coles claimed that his son plays there on occasion. However, once again, the State elicited no evidence as to how old Sergeant Coles's son was at the time of trial. Furthermore, Coles's testimony that not only children play at the park but also "teenagers and even adults" contravenes the State's assertion that the ball field and batting cages were intended primarily for minors. Sergeant Coles's testimony that on the date of the offense there were some "young kids" in a line for the batting cage, estimated at eight to thirteen years old, similarly fails to establish that the location was intended primarily for use by minors. Based on the State's logic, the entire park would be off limits—as would countless other municipal sites which are visited by both adults and children that are sometimes used by minors as well as adults.

In sum, the testimony of Deputy Kerr and Sergeant Coles did not amount to evidence that the ball field and batting cages of

the park were *intended primarily* for the use of minors. Instead, at most, their testimony established that these places were sometimes used by minors. Thus, we hold that the State's evidence rises only to a level of conjecture or suspicion that the batting cages and ball field were locations *primarily intended* for the use, care, and supervision of minors and we would reverse the order denying defendant's motion to dismiss.

## III. Conclusion

We conclude that the indictment returned against defendant for the purpose of charging him with violating N.C. Gen. Stat. § 14-208.18(a)(2) was sufficient to confer subject matter jurisdiction upon the trial court. However, the State failed to present substantial evidence that the ball field and batting cages of the park were "intended primarily for the use, care, or supervision of minors," as required by N.C. Gen. Stat. § 14-208.18(a)(2). Accordingly, we reverse the order denying defendant's motion to dismiss.

Reversed.

Judges McGEE and HUNTER, Robert C., concur.