An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-19

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.                                   Edgecombe County
                                     Nos. 12 CRS 53619-20
JERRY HAROLD COFFIELD, JR.


Appeal by defendant from judgments entered 3 July 2013 by Judge Walter H. Godwin, Jr. in Edgecombe County Superior Court. Heard in the Court of Appeals 21 July 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Mary Cook, for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Defendant Jerry Harold Coffield, Jr. appeals from judgments sentencing him to consecutive terms of 77 to 105 and 17 to 30 months imprisonment, entered upon jury verdicts finding him guilty of manufacturing methamphetamine and possession of immediate precursor chemicals used in the manufacturing of methamphetamine. Defendant gave notice of appeal in open court.

At trial, the State's evidence tended to show that on 4 December 2012, officers of the Edgecombe County Sheriff's Department conducted a controlled buy of methamphetamine from defendant's son, Heath Coffield, by a person working as a confidential informant ("CI"). Officers provided the CI with $40 to purchase the methamphetamine and installed a surveillance video camera on his person. The CI went to the pre-arranged location to meet Heath, and found Heath in a truck driven by defendant. Also in the truck were Heath's girlfriend and her two-year-old child.

The CI approached the truck, gave Heath $40, and in return Heath gave the CI a quantity of methamphetamine concealed in a lip-gloss container. During the transaction, the CI spoke with defendant, who stated that he and Heath were planning to make more methamphetamine later on and that he was planning to purchase additional equipment so that they could manufacture more methamphetamine at once. Defendant also asked the CI if the CI would purchase Sudafed for him. Sudafed is a brand name medication typically containing the active ingredient pseudoephedrine. Defendant's statements were recorded by the surveillance video camera, and the recording was played for the jury.

After defendant and Heath completed the sale of methamphetamine to the CI, they drove off in the truck. Officers followed, and decided to stop the truck. During the stop, officers discovered more methamphetamine and individually questioned defendant and Heath. Defendant denied being present for the controlled buy and stated he was just taking Heath to the drug store. Heath, however, admitted to "cooking" methamphetamine with defendant that morning at defendant's home, where he too was living.

Based on Heath's statements, the discovery of methamphetamine in the truck, and the sale of methamphetamine to the CI, officers obtained a search warrant for defendant's property at 3093 U.S. 64 Alternate East in Tarboro, North Carolina. In defendant's house, officers discovered Sudafed in the master bedroom used by defendant and his wife, and a casserole plate containing methamphetamine residue in the bedroom shared by Heath and his girlfriend. In a horse barn in defendant's back yard, officers found a pot used to cook methamphetamine, muriatic acid, lithium batteries, lighter fluid, sodium hydroxide, ammonium nitrate, tubing, jars, coffee filters, pill crusher, and a bottle containing methamphetamine sludge material. Muriatic acid is also known as hydrochloric

acid. Outside the barn, officers found a burn pile that included empty boxes of pseudoephedrine and a 30 November 2012 receipt from Walmart for the purchase of pseudoephedrine. Testimony from a Walmart pharmacy manager also established that Jerry Coffield of 3093 Alternate U.S. 64 East, Tarboro, North Carolina had purchased a box of pseudoephedrine on 1 December 2012.

Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the charge of possession of precursor chemicals. Defendant contends the State failed to present substantial evidence that he had actual or constructive possession of the muriatic/hydrochloric acid, lithium batteries or pseudoephedrine found in his horse barn. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430

S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135 (1995).

"To prove that a defendant possessed contraband materials, the State must prove beyond a reasonable doubt that the defendant had either actual or constructive possession of the materials." *State v. Loftis*, 185 N.C. App. 190, 197, 649 S.E.2d 1, 6 (2007), *disc. review denied*, 362 N.C. 241, 660 S.E.2d 494 (2008).

> A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use. Constructive possession, on the other hand, exists when the defendant, while not having actual possession, . . . has the intent and capability to maintain control and dominion over the [contraband]. When the defendant does not have exclusive possession of the location where the [contraband was] found, the State must make a showing of other incriminating circumstances in order to establish constructive possession.

*State v. Boyd*, 177 N.C. App. 165, 175, 628 S.E.2d 796, 805 (2006) (citations and quotations omitted). "Where sufficient incriminating circumstances exist, constructive possession of the contraband materials may be inferred even where possession of the premises is nonexclusive." *State v. Kraus*, 147 N.C. App. 766, 770, 557 S.E.2d 144, 147 (2001).

We agree with defendant that he was not in actual possession of the chemical precursors when officers discovered them. The State thus had to prove defendant constructively possessed the chemicals, and because there was evidence that defendant did not have exclusive possession of the areas where the chemicals were found, the State also had to show other incriminating circumstances to establish defendant's constructive possession of the chemicals. We hold the State met its burden in both instances.

Here, officers found the precursor chemicals of pseudoephedrine, muriatic/hydrochloric acid, sodium hydroxide, lighter fluid, ammonium nitrate, and lithium in defendant's horse barn located in his back yard. Although defendant's control over the horse barn was not exclusive, the State introduced statements from him and his son, Heath, to show other incriminating circumstances to establish defendant's

constructive possession of the chemicals. During the controlled buy, defendant stated to the CI that he intended to manufacture additional methamphetamine later that day and that he planned to expand his methamphetamine production abilities in the future. Additionally, Heath stated to investigating officers that he and defendant had "cooked" methamphetamine the morning of 4 December 2012. Defendant contends the State's evidence is repudiated by his testimony that his statements to the CI were lies made at Heath's instructions and Heath's testimony that defendant was never involved in the manufacture of methamphetamine. However, in ruling on a motion to dismiss, "[t]he defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Denny*, 361 N.C. 662, 665, 652 S.E.2d 212, 213 (2007). Accordingly, we hold the State presented substantial evidence of defendant's constructive possession of the precursor chemicals in this case, and the trial court did not err in denying defendant's motion to dismiss the charge of possession of precursor chemicals.

No error.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).