An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-516

NORTH CAROLINA COURT OF APPEALS

Filed: 2 December 2014

STATE OF NORTH CAROLINA

v.                                   Randolph County
                                     No. 11 CRS 50969
REYNA PATRICIA VALENCIA


Appeal by defendant from judgment entered 16 September 2013 by Judge Richard W. Stone in Randolph County Superior Court. Heard in the Court of Appeals 7 October 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Christopher W. Brooks, for the State.*
>
> *Cooley Law Office, by Craig M. Cooley, for defendant-appellant.*


HUNTER, Robert C., Judge.


Reyna Valencia ("defendant") appeals from judgment entered after a jury convicted her of felony death by motor vehicle, reckless driving, and two counts of felonious restraint. Defendant's sole argument on appeal is that the trial court erred by denying her motion to dismiss the two charges of felonious restraint where the evidence showed that the minor

victims willingly entered defendant's vehicle and were not induced to do so by fraud.

After careful review, we find no error.

**Background**

On Saturday, 19 February 2011, brothers J.S. and R.S.[1] were playing soccer at their home and noticed defendant, their uncle's girlfriend, drinking beer and socializing in the backyard. The boys were 14 and 12 years old, respectively. After playing soccer for thirty to forty five minutes, J.S. and R.S. went to the front cul-de-sac to play basketball. Defendant left the backyard and got into her car to run errands. She approached the boys in her vehicle and asked them through the driver's side window if they wanted to go with her to run errands for the evening's party. The boys declined defendant's offer twice. Defendant told them that she hated being alone and that the boys' mother had given them permission to go with defendant. It is undisputed that the boys' mother did not give defendant permission to take them with her to run errands. However, believing that their mother had given them permission, J.S. and R.S. got into defendant's car, and the three drove away

---

[1] Pseudonyms will be used to protect the identity and privacy of the minor victims in this case.

from the house. Inside the vehicle, J.S. noticed a bottle of Bud Light beer in the driver's side cup holder.

Defendant first stopped at her cousin's house to invite her relatives to the party. Defendant invited the boys into the house, but they decided to stay in the car. After ten minutes, they walked to a nearby park. They walked back to the house after about thirty minutes and found defendant "drinking beer and having a good time." When defendant was finished, she drove the boys to another apartment where she stopped for five to ten minutes. J.S. and R.S. waited in the car during the second stop.

After running the first two errands, defendant drove onto Highway 220. Soon thereafter, defendant lost control of the vehicle. An eyewitness testified that defendant had been "swerving all over the road" and "wasn't competent of driving." Defendant caused the vehicle to swerve off the right embankment, fly up into the air, and land on its roof against a street sign. J.S. was able to crawl away from the accident relatively unharmed, but R.S. was declared deceased by paramedics shortly after they arrived at the scene. Defendant was airlifted to Wake Forest Baptist Hospital in Winston-Salem, North Carolina. Nurses collected three vials of blood, which revealed that

defendant's blood alcohol concentration ("BAC") was .18. Officers of the Asheboro Police Department obtained a search warrant to seize the vials. Subsequent chemical analysis by the State Bureau of Investigation also showed a BAC of .18.

Defendant was arrested and charged with felony death by vehicle, driving while impaired, reckless driving, felony restraint, and involuntary manslaughter. At the close of all evidence at trial, defendant moved to dismiss the felonious restraint charges. She argued that the State presented insufficient evidence of one element of the charge – an unlawful restraint. The State claimed that by tricking the boys into getting into her vehicle, defendant unlawfully restrained them through fraud. The trial court denied defendant's motion. The jury found defendant guilty of felony death by motor vehicle, reckless driving, and two counts of felonious restraint.

## Discussion

Defendant's sole argument on appeal is that the trial court erred by denying her motion to dismiss the charges of felonious restraint. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). To defeat a motion to dismiss, the State

must present "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Denny*, 361 N.C. 662, 664-665, 652 S.E.2d 212, 213 (2007) (quotation marks omitted). "When reviewing a defendant's motion to dismiss for insufficiency of the evidence, the evidence must be considered in a light most favorable to the State and the State must be given the benefit of every reasonable inference arising therefrom." *State v. Sakobie*, 157 N.C. App. 275, 281, 579 S.E.2d 125, 129 (2003) (internal quotation marks omitted).

Pursuant to N.C. Gen. Stat. § 14-43.3 (2013):

> A person commits the offense of felonious restraint if he unlawfully restrains another person without that person's consent, or the consent of the person's parent or legal custodian if the person is less than 16 years old, and moves the person from the place of the initial restraint by transporting him in a motor vehicle or other conveyance.

Defendant only challenges the sufficiency of the evidence proving that R.S. and J.S. were "unlawfully restrained." This

Court has held that "the requirement for 'restraint' for a charge of kidnapping is the same as the requirement of 'restraint' for a charge of felonious restraint." *State v. Lalinde*, __ N.C. App. __, __, 750 S.E.2d 868, 873 (2013), *review allowed*, __ N.C. __, 758 S.E.2d 878 (2014). Thus, caselaw defining "restraint" in the context of a kidnapping is applicable to the issue of what constitutes "restraint" for these purposes.

Our Supreme Court has held that "[t]he term 'restraint,' while broad enough to include a restriction upon freedom of movement by confinement, connotes also such a restriction, by force, threat or fraud, without a confinement." *State v. Fulcher*, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978). Furthermore, "restraint can also occur when one person's freedom of movement is restricted due to another's fraud or trickery." *Lalinde*, __ N.C. App. at __, 750 S.E.2d at 873 (quotation marks omitted). To establish the element of "restraint" by fraud, the burden is on the State to show that the defendant's "fraud or trickery directly induced the victim to be removed to a place other than where the victim intended to be." *State v. Davis*, 158 N.C. App. 1, 13, 582 S.E.2d 289, 297 (2003). Furthermore, "felonious restraint . . . does not require the State to prove

defendant's purpose for the restraint." *State v. Stinson*, 127 N.C. App. 252, 258, 489 S.E.2d 182, 186 (1997).

Here, it is undisputed that defendant tricked R.S. and J.S. into going with her to run errands by falsely stating that their mother had given them permission. Defendant concedes that she used "fraud" and a "fib" in convincing the boys to go with her. However, she contends that she did not unlawfully restrain them in the vehicle for two reasons: (1) the boys actually wanted to run errands with her; and (2) she did not have an "evil intent" behind the misrepresentation. We find these arguments unpersuasive.

First, contrary to defendant's argument, the State presented substantial evidence that neither R.S. nor J.S. wanted to get into the vehicle. This Court has held that fraud can amount to an "unlawful restraint" where it causes the victim to be in "a place or places other than where [the victim] wanted to be." *State v. Sturdivant*, 304 N.C. 293, 306, 283 S.E.2d 719, 729 (1981). Defendant contends that because the boys entered her vehicle when they found out they had permission from their mother, the only thing stopping them from doing so initially was a lack of permission, not a desire to stay. However, J.S. testified that the boys did not decline the offer twice because

they did not have permission, but because they did not want to go with defendant to run errands. Specifically, he testified that he told defendant, "No, we don't want to go. We just want to stay here and play." J.S.'s testimony shows that the boys wanted to continue playing basketball in their driveway before they were induced by defendant's fraud to get into her vehicle. Taking this evidence in the light most favorable to the State, this evidence was sufficient to allow a reasonable jury to find an "unlawful restraint." *See Sturdivant*, 304 N.C. at 306, 283 S.E.2d at 728; *Lalinde*, __ N.C. App. at __, 750 S.E.2d at 873-74.

Furthermore, it is irrelevant that defendant did not have an "evil intent" behind the misrepresentation. "The distinction between felonious restraint and [kidnapping] is that the former does not require the state to prove defendant's purpose for the restraint." *Stinson*, 127 N.C. App. at 258, 489 S.E.2d at 186. Because the intent underlying defendant's fraudulent inducement is not an element of the crimes charged, defendant's benign motives in tricking the boys does not render the trial court's denial of defendant's motion to dismiss erroneous.

**Conclusion**

Because the State presented substantial evidence that defendant unlawfully restrained R.S. and J.S. by fraudulently inducing them to stop playing basketball and run errands with her, we find no error in the trial court's denial of her motion to dismiss the charges of felonious restraint.

NO ERROR.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).